IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:21MJ477-1 |
| | ) | |
| HAROLD LEE SWEENEY | ) | |

## MEMORANDUM OPINION AND ORDER

This case came before the Court on January 13, 2022, on a motion for detention by the United States, pursuant to Federal Rule of Criminal Procedure 5.1. At the end of the hearing, the undersigned United States Magistrate Judge orally found that probable cause supports the charge against Harold Lee Sweeney ("Defendant") and ordered Defendant's detention pending disposition of this case because clear and convincing evidence established that no condition or combination of available conditions of release would reasonably assure the safety of other persons and the community. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

I.  BACKGROUND

On December 14, 2021, the Court (per United States Magistrate Judge Joi Elizabeth Peake) issued a Criminal Complaint charging Defendant with one count of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine (Docket Entry 1 at 1) based on a sworn affidavit by a Dwayne James, a Greensboro Police Department and Detective and a Homeland Security Investigations Task Force Officer (*see id.* at 2-7). At his initial appearance on January 6, 2022, the Court advised Defendant of the matters required under Federal Rule of Criminal Procedure 5(d)(1), including

his right to a hearing on the issue of release or detention and to a preliminary hearing to contest the issue of probable cause, as well as the setting of those proceedings for January 13, 2022. (*See* Docket Entry 5.) Defendant retained counsel. (*See* Minute Entry entered 1/06/2022.)

Before the hearing, a United States Probation Officer prepared a Pretrial Services Report regarding Defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review that report before the hearing. At the hearing, Defendant conceded the accuracy of the Pretrial Services Report with one exception: the report lists Defendant's age as 31 while Defendant is 28.

During the hearing, Defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). The United States called (and, through his counsel, Defendant cross-examined) Daniel Rakes, a Detective with the Greensboro Police Department who investigated this matter and reviewed reports related to the case. Defendant's counsel also summarized the contents of several letters of support for Defendant.

## II. PROBABLE CAUSE DETERMINATION

At the hearing, Detective Rakes testified as follows: In October of 2021, law enforcement was contacted by a confidential informant who advised that an individual with the alias of "Blue" was selling trafficking amounts of heroin and methamphetamine. The informant reported that "Blue" delivered narcotics and sold narcotics out of an address at 1316 Joyce Street. The informant advised that "Blue" received the narcotics from the mail

2

and other sources and that "Blue" was on electronic monitoring due to charges of first degree murder. Law enforcement was able to determine that Defendant was on electronic monitoring at the address at 1316 Joyce Street. Law enforcement knew through previous investigations that Defendant had the alias of "Blue." Defendant was on electronic monitoring for first degree murder, for which he posted a $1,000,000 bond. In addition to the confidential informant, a citizen called law enforcement to report that Defendant was selling large quantities of heroin, mainly operating out of 1316 Joyce Street. As part of the investigation of Defendant, a trash pull was performed at the location. During a trash pull, law enforcement removes and examines trash discarded on the curb. Through the trash pull, law enforcement located baggies with marijuana residue, mail addressed to Defendant at 1316 Joyce Street, and eight one-pound vacuum sealed bags, which are commonly used for narcotics. The vacuum sealed bags contained a sizable amount of residue that field tested positive for methamphetamine.

During the execution of a knock and announce search warrant of 1316 Joyce Street in December of 2021, Defendant was seen running back and forth to the bathroom of the residence before law enforcement entered the home. After some time, Defendant opened the door and law enforcement entered the home. Defendant was the only person in the residence at the time of the search. Law enforcement found 920 grams of a substance that field tested positive for methamphetamine, vacuum heat sealers, money counters, and multiple digital scales, which are consistent with drug trafficking. Defendant was arrested and was given a bond of $350,000 in state court. Within hours, Defendant posted this bond. After Defendant posted his bond, Defendant confronted the trash collection driver who served Defendant's

residence and asked why the trash collection driver was searching through Defendant's trash. The trash collection driver was so concerned by this interaction that he reported the incident to his supervisor.

Probable cause has been defined as "reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v. 1010 Acres Located on Squires Rd. in Cheeks Twp., Orange County, N.C.*, 386 F. Supp. 2d 613, 617 (M.D.N.C. 2005) (citing *United States v. $95,945.18*, 913 F.2d 1106, 1110 (4th Cir. 1990)). The record here supports a finding of probable cause as to the charges in the Criminal Complaint. The testimony of Detective Rakes, together with the affidavit of Officer Dwayne James, suggests a reasonable ground for belief that Defendant committed the crimes which are charged. Detective Rakes testified that Defendant was the sole occupant in a residence where law enforcement found 920 grams of a substance that field tested positive for methamphetamine, vacuum heat sealers, money counters, and multiple digital scales. Accordingly, this Court finds probable cause exists as to the charge that is the subject of the Criminal Complaint against Defendant.

### III. MOTION FOR DETENTION

In considering the question of release or detention pending trial, the Court considers the following statutorily-prescribed factors:

(1) the nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the [defendant];

(3) the history and characteristics of the [defendant] . . .; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).

Based on the record before it, the Court makes the following findings of fact and/or conclusions of law. First, with respect to the nature of the offenses charged against Defendant, the Court notes that the charges are very serious. Secondly, the weight of the evidence against Defendant is very strong as to the charged offenses in that the Government presented the testimony of Detective Rakes who testified about the events leading up to the Criminal Complaint.

With regard to Defendant's history and characteristics, Defendant has a lengthy criminal record. Of particular note, Defendant was released on bond and on electronic monitoring for charges of first degree murder at the time the instant offense allegedly occurred.

Having considered the information presented, the Court finds that it has serious concerns regarding Defendant's potential danger to the community. Detective Rakes testified that Defendant was found in possession of a large amount of drugs and that Defendant has already confronted someone he believes is responsible for his arrest in this incident. Further, Defendant has pending charges of first degree murder. The Court concludes that the record establishes by clear and convincing evidence that no combination of available release conditions would reasonably assure the safety of the community.

5

## IV. CONCLUSION

For these reasons, after conducting a hearing and evaluating the entire record in this case, the Court **FINDS** that probable cause supports the charge in the Criminal Complaint and **FINDS** by clear and convincing evidence that no condition or combination will reasonably assure the safety of others and the community if Defendant is released prior to trial.

**IT IS THEREFORE ORDERED** that the motion for detention by the United States is **GRANTED** and Defendant shall be detained pending disposition of the instant charges under 18 U.S.C. § 3142(e)(1). Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a United States court or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
Joe L. Webster
United States Magistrate Judge

January 18, 2022